Z UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DONALD BINDUS, JR., | ) | CASE NO. 08-62456 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | (NOT INTENDED FOR |
| | ) | PUBLICATION) |

Debtor Donald Bindus, Jr. (hereafter "Debtor") filed a voluntary chapter 7 petition on July 23, 2008 through a power of attorney, Gloria J. Evans (hereafter "POA"). Included with the petition was a motion to excuse Debtor from the credit counseling requirement set forth in 11 U.S.C. § 109(h) and a motion to proceed in forma pauperis.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

I.  **Power of Attorney**

As stated above, Debtor filed this case through his POA. Debtor attached the original signed and notarized Official Form 11A titled "General Power of Attorney." The document contains the following authorization:

> To Gloria Evans of 2287 Samira Rd, Stow, Oh 44224, and
> Mark Bindus of 1423 Mocking Bird Circle, Stow, Oh 44224
>
> The undersigned claimant hereby authorizes you, or any one of you, as attorney in fact for the undersigned and with full power of substitution, to vote on any question that may be lawfully submitted to creditors of the debtor in the above-titled case; [*if appropriate*] to vote for a trustee of the estate of the debtor and for a committee of creditors; to receive dividends; and in general to perform any act not constituting the practice of law for the undersigned in all matters arising in this case.

It is dated April 21, 2008, signed by Donald Bindus, Jr., and acknowledged before Mary Miner on November 30, 2007.

Upon review of the document, the Court finds that the document does not confer any authority to file a bankruptcy petition on Debtor's behalf. The power of attorney which was executed is typically used by and for the benefit of creditors (it states "[t]he undersigned claimant hereby authorizes you . . . "). Although a petition may be filed by a power of attorney, see Federal Rule of Bankruptcy Procedure 9010(c), the majority of courts require that the power of attorney contain reasonably specific language to authorize the filing of a petition. See, e.g., In re Eicholz, 310 B.R. 2003 (Bankr. W.D. Wash. 2004) (concluding that "a spouse may file a joint petition for bankruptcy by signing for the other spouse pursuant to a general power of attorney if the express language of the document grants the power to initiate a bankruptcy proceeding"); In re Easter, 2003 WL 23211565 (Bankr. M.D.N.C. 2003) (unpublished) (finding that the power of attorney did not "contain language that authorizes the attorney-in-fact to commence and prosecute bankruptcy proceedings . . . nor language which authorizes the attorney-in-fact to commence and prosecute legal proceedings in general . . . ."); In re Curtis, 262 B.R. 619 (Bankr. D. Vt. 2001) (stating "[a]n attorney-in-fact may commence a bankruptcy case so long as the debtor qualifies for relief under 11 U.S.C. § 109, the commencement of the case is within the scope of the specific language contained in the document granting the power of attorney, and such action by the attorney-in-fact does not constitute the practice of law") (citations omitted); In re Gridley, 131 B.R. 447 (Bankr. D. S.D. 1991) (determining that the power of attorney granted authority to file the chapter 7 petition). The power of attorney filed with the case cannot be read to empower the attorney-in-fact to file a bankruptcy petition.

Additionally, the Court is concerned by the fact that the acknowledgment on the power of attorney is dated November 30, 2007, while date of execution is April 21, 2008. Clearly, acknowledging the document before its execution would be improper. Based upon the failure of the power of attorney to grant authority to file a bankruptcy petition and the questions concerning the validity of the power of attorney, the Court finds cause to dismiss this case.

## II. Motion to Excuse Credit Counseling

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter "BAPCPA") instituted a requirement that debtors receive a pre-filing credit counseling course. See 11 U.S.C. § 109(h)(1). Section 109(h)(4) sets forth an exception to this requirement, stating that the "requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone."[1] The same section defines "disability" as follows: "debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)."

Debtor filed a motion to excuse the credit counseling requirement, stating that he is "physically unable to do so because of being incarcerated since March, 2004." Incarceration, however, is not a disability under section 109(h)(4). See In re Rendler, 368 B.R. 1 (Bankr. D. Minn. 2007); In re Cox, 2007 WL 4355254 (Bankr. M.D. Ga. 2007) (unpublished); In re

---

[1] Because the Court finds other independent grounds to dismiss this case, it is not necessary to conduct a hearing on the motion to excuse the credit counseling requirement.

Vollmer, 361 B.R. 811 (Bankr. E.D. Va. 2007); In re Star, 341 B.R. 830 (Bankr. E.D. Va. 2006); In re McBride, 354 B.R. 95 (Bankr. D. S.C. 2006). Since the Debtor has set forth no other basis for excusing him from the credit counseling requirement, and has not obtained the credit counseling, he is not eligible to be a debtor.

### III. In Forma Pauperis Motion

Debtor filed an application to proceed in forma pauperis. Pursuant to 28 U.S.C. 1930(f), added by BAPCPA, such applications are now considered by the bankruptcy court. In addition to section 1930(f), 28 U.S.C. § 1915 also applies to in forma pauperis requests. In this case, because of Debtor's incarceration, 28 U.S.C. § 1915(a)(2) and (b) are also applicable to Debtor's motion to waive the filing fee. Since Debtor failed to comply with section 1915(a)(2), the in forma pauperis motion must be denied. Debtor is responsible for the full filing fee and such obligation is not eliminated by the dismissal of this case.

It is so ordered.

/s/ Russ Kendig

---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Donald Bindus, Jr.
2287 Samira Rd
Stow, OH 44224

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219